## In re McGILL.

A purchaser, whose land is seised on an execution against his vendor, on paying the demand, is entitled to subrogation as to the remaining land of the vendor. But, if the vendee has given bonds for the purchase-money, which are unpaid, though assigned by the vendor, the vendee has not that equity, since the payment of the judgment is a defence to the bonds. *Aliter*, if by his acts he had precluded himself setting up that defence.

APPEAL from the Common Pleas of Mercer county.

*Oct.* 8.   In 1841, McGill conveyed certain land in Butler county to Logan, who gave his bonds for the purchase-money—the first four of which were paid: one for $160, due in 1846, and one for $2000, due in 1847, were unpaid; and the latter was assigned to the administrators of Ayers. In 1833, there was a judgment recovered in the Circuit Court of the United States for the western district, and revived in 1841, against McGill, of which it appeared Logan was ignorant. On this a *fieri facias* issued in 1846, and Logan's land was seized. To prevent a sale he paid the debt.

Under judgments in the Common Pleas of Mercer, other land of McGill in that county was then sold by the sheriff, and the question in this cause arose on the distribution. Logan claimed to be subrogated in right of the execution from the Circuit Court, which he had been compelled to pay, and proved that his bonds for the purchase-money remaining unpaid were assigned by McGill to Ayers's administrators, before he paid the judgment; but at what period, or under what circumstances, did not appear.

But the court was of opinion that his payment of that judgment, under compulsion, would be a satisfaction of the bonds, and refused the subrogation, awarding the money to McGill's judgment creditors.

*Pearson* and *Ayers*, for Logan, the appellant, argued that, having paid the lien, he was entitled to the subrogation: 1 Barr, 512; 1 Story, Eq. 590; 2 Rawle, 128; 9 Watts, 451; 3 Watts & Serg. 403; 1 Brock. 267. The law itself made this subrogation: 2 Rawle, 132; 2 Mad. Rep. 569—even though the judgment was satisfied: 1 Watts & Serg. 427. That the assignee of the bond had equities which should be regarded, since the assignee whose debt this was had become insolvent.(*a*)

(*a*) The auditor's report did not show any claim was made by the holders of the bond; nor did it appear that they were appellants.

*Stewart* and *Maxwell*, contrà.

*Oct.* 11.   GIBSON, C. J.—The judgment in the Circuit Court of the United States bound the lands both in Butler and Mercer counties. Logan, who had purchased the land in Butler county, was compelled to pay the debt, in order to save it from execution; and, if there was no more in the case, he would doubtless be entitled to be substituted for the judgment creditor—not only on the principle of Naylor *v.* Stanley, but according to Evelyn *v.* Evelyn, 2 P. Wms. 664, because the land, in respect to which he was debtor, was no more than surety for McGill's personal debt. That would have given him an equity against McGill, or any one standing in his place. But it is a part of the case, that Logan retains part of the purchase-money to reimburse what he paid in discharge of the encumbrance. He has, therefore, no equity to come upon the lands in the hands of the subsequent terre-tenants. But the bond by which the purchase-money is secured has been assigned by McGill to Ayers, who turns out to be the real party to be benefited by the subrogation. But he stands exactly in the place of McGill; and to substitute Logan, or any other man of straw, for him, would be as absurd as to substitute McGill, whom he represents, as plaintiff in a judgment against himself. It is settled that the assignment of a bond, whether legal or equitable, puts the assignee in the place of the assignor, unless the obligee has done some act to induce the assignee to pay his money on the foot of the assignment—such as representing that no defence would be made, or keeping secret an agreement not to enter up judgment. These are special circumstances which have been allowed to take a case out of the rule; but, to create a particular equity, they must be shown. Nothing was shown in this case, and substitution was properly withheld.

Decree affirmed.