## Stephens *v.* Weldon, Appellant.

*Mortgage—Assignment—Defences.*

The assignee of a mortgage holds it subject to all defences that might have been made against it in the hands of his assignor.

*Payment by vendee of judgment against vendor—Set-off.*

The vendee of land has a right to pay off a judgment, entered against the vendor after delivery of possession but before conveyance, and to set off the amount of such payment against a mortgage given for the purchase money.

*Notice—Judgment—Mortgage—Record.*

The assignee of a purchase money mortgage has constructive notice of a judgment against the vendor, which is a lien upon the land, and is put upon inquiry as to payments made by the vendees.

*Ejectment—Conditional verdict—Application of payments—Liens.*

In an action of ejectment it appeared that defendant by articles of agreement purchased the land in dispute from Boas for $850, and went into possession in April, 1882, and immediately made valuable improvements. On Aug. 1, 1882, a judgment was entered against Boas. Payments on account of the purchase money were made by defendant to Boas until August 22, 1882, when Boas executed a deed for the premises and took a mortgage for $555, residue of purchase money, both deed and mortgage being duly recorded. Further payments were made until April 27, 1883, when the mortgage was assigned to plaintiff. The balance due at that time was $445. After notice of the assignment payments were made by defendant to plaintiff, the assignee, aggregating to April, 1888, $140. On Nov. 3, 1887, plaintiff purchased the judgment against Boas, issued execution on the same, and bought in the land at the sheriff's sale. *Held,* in an action of ejectment, that plaintiff had constructive notice of defendant's equity to have the payments made on the mortgage set off against the judgment, and the verdict should be conditioned accordingly.

Argued Feb. 17, 1892. Appeal, No. 48, Jan. T., 1892, by defendants, Christopher Weldon and wife, in right of wife, from judgment of C. P. Schuylkill Co., May T., 1888, No. 327, on verdict for plaintiff, Samuel Stephens. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Ejectment. The facts appear by opinion of Supreme Court.

The court below, GREEN, J., charged that "Stephens was an innocent purchaser of the mortgage, knowing nothing at all of the fact that the judgment was a lien upon the property." [1]

Plaintiff presented the following point:

" 1. Plaintiff, as the representative of Hapgood, Hay & Co., as the assignee of their judgment against Boas, is not affected by any payments made by the defendants to Boas on the mortgage subsequent to the entry of the judgment or by any payments made to the plaintiff as the assignee of the mortgage, but the judgment of Hapgood, Hay & Co. bound all of the interest of Boas as the vendor of the real estate in question at the time of the entry, to wit, the balance of purchase money unpaid at the date of the entry of the judgment, being the sum of $578, and the verdict of the jury should be in favor of the

plaintiff for that sum with interest from August 1, 1882, to the date of the sheriff's sale. *Answer:* For the present we will affirm that point and as we have already said we propose to take the correctness of that answer into future consideration; we are not satisfied thoroughly of its correctness." [3]

Defendant presented this point, among others:

" 6. Being the holder of both rights he can only claim the balance of the purchase money unpaid because this proceeding is an equitable one, and as he received all the payments after the assignment it would be against equity to compel the defendants to pay a second time, money which the plaintiff now has made to him as the holder of the mortgage." Refused. [4]

Under instructions the jury returned the following verdict October 4, 1890: " The jury find in favor of the plaintiff and against the defendants for the property described in the writ with six cents costs and six cents damages. This verdict to be taken off on the payment of the sum of $762.37 within six months from this day with interest from October 4, 1890." [2]

Judgment upon verdict. Defendants appealed.

*Errors assigned* were (1–4) instructions, as above, quoting them.

*J. Lineaweaver, Jas. Ryon* with him, for appellants.—A vendee who has paid a judgment against a vendor is entitled to set off such payment against a purchase-money mortgage : McGill's Case, 6 Pa. 504; Dunn v. Onley, 14 Pa. 223. The assignee of the mortgage stands in the position of his assignor and is subject to the same defences: Rider v. Johnson, 20 Pa. 190. The plaintiff was not an innocent purchaser: Leonard's Ap., 94 Pa. 168.

*H. B. Graeff,* for appellee.—In Pennsylvania all the real estate of a debtor, whether legal or equitable, is bound by a judgment against him, and may be taken in execution and sold for the debt, and the sale of the legal estate under a judgment mesne between the time of making the articles of agreement and the execution of the deed would transfer as a necessary incident the money remaining unpaid: McMullen v. Wenner, 16 S. & R. 21 ; Chahoon v. Hollenback, 16 S. &. R. 431; Garrand v. Lantz, 12 Pa. 193; Patterson's Est., 25 Pa. 71 ; Siter, James & Co.'s Ap., 26 Pa. 178.

OPINION BY Mr. JUSTICE STERRETT, October 3, 1892.

This action of ejectment resulted in a verdict, by direction of the court, in favor of the plaintiff, for the land described in the writ with six cents damages and the costs ; said verdict to be set aside upon payment of $762.27 within six months from date thereof, with interest from October 4, 1890.

It is claimed by defendants that the sum named in the conditional verdict is too great; that they were entitled to further credits which would have reduced the balance to $328.89 with interest from April, 1886, the date of last payment.

In April, 1882, Mrs. Weldon, one of the defendants, agreed with Mr. Boas, the then owner of the property, to purchase the same for $850, and pursuant thereto the defendants went into possession in May or June following and immediately made valuable improvements. Payments were made by Mrs. Weldon from time to time on account of the purchase money until August 22, 1882, when Boas conveyed the premises to her, and took a mortgage for $555, residue of purchase money, which was recorded on the following day. Further payments were thereafter made to him until April 27, 1883, when he assigned the mortgage to Samuel Stephens, the plaintiff. The balance due at that time appears to have been $445.75. After notice of the assignment, payments were made by Mrs. Weldon to Stephens, the assignee, aggregating, to April, 1888, $140. An entry made by him in Mrs. Weldon's book, April 30, 1885, shows $359.10 balance then due. Subsequent payments reduced the amount to $309.10, plus accrued interest.

Nearly all of the foregoing recitals of fact are undisputed; the others appear to be supported by evidence tending, at least, to establish their truth.

On August 1, 1882, Hapgood, Hay & Co. obtained judgment against Boas for $300, which was afterwards purchased by Stephens and assigned to him November 3, 1887. On an execution issued on said judgment the land in question was sold by the sheriff and by him conveyed November 21, 1887, to Stephens, who afterwards brought this action of ejectment.

It cannot be doubted that, as against Boas, Mrs. Weldon, his vendee, had a right, upon paying the Hapgood, Hay & Co. judgment, to set off the amount thereof against the mortgage. The judgment was an encumbrance upon the land conveyed to

her, which he was bound to remove: In re McGill, 6 Pa. 504; Dunn v. Olney, 14 Id. 219.

It does not appear that Mrs. Weldon has done anything to estop her from asserting the equity which she had of having the residue of purchase money so applied as to relieve her property from the lien of the judgment. Stephens, the assignee first of the mortgage and afterwards of the judgment, had constructive if not actual notice of her equity. In taking the assignment of the mortgage it must be presumed that he knew the condition of the record. He is at least visited with notice of what an examination of the record would have disclosed. The judgment of Hapgood, Hay & Co. was obtained August 1, 1882, and thereupon became a lien on Boas's interest in the land which he conveyed to Mrs. Weldon three weeks thereafter. He also had record notice that the mortgage he was about to purchase was given for residue of purchase money of the encumbered land. In short, he had such notice as should have put him upon inquiry, and he cannot now claim to be an innocent purchaser without notice. He placed himself in no better position, as regards Mrs. Weldon's equity, etc., by subsequently purchasing the judgment.

In affirming defendant's first four points the learned judge rightly held:

1st. "That the judgment of Hapgood, Hay & Co. against Jeremiah Boas bound only the balance of the purchase money due to Boas by the defendants as purchasers of the property prior to the entry of said judgment."

2d. "That defendants had a right to pay off the mortgage to Boas down to the amount of the judgment and such payments pro tanto extinguished the mortgage."

3d. "That at the time the mortgage was assigned, to wit, 27th of April, 1883, the plaintiff and defendants ascertained the amount due upon the mortgage, to wit: $445.75, and, as to all above that, the mortgage was paid."

4th. "That at the time of said assignment of the mortgage there was enough due thereon to pay off and satisfy the judgment."

We think the learned judge should have held as requested by defendants in their sixth point, that plaintiff, "being the holder of both rights can only claim the balance of purchase

money unpaid, because this proceeding is an equitable one and as he received all the payments after the assignment, it would be against equity to compel the defendants to pay, a second time, money which the plaintiff now has made to him as holder of the mortgage." There was error in refusing to affirm this proposition, and the 4th specification should be sustained.

The learned judge also erred in saying as complained of in the first specification, " that Stephens was an innocent purchaser of this mortgage knowing nothing at all of the fact that this judgment was a lien upon the property." As already stated, he had at least constructive notice of the facts upon which Mrs. Weldon's equity rests. As assignee of the mortgage, he stands in the shoes of his assignor, and holds the nonnegotiable security subject to all defences that might be made against it in the hands of said assignor: Rider v. Johnson, 20 Pa. 190.

It follows from what has already been said that the second and third specifications should also be sustained.

Judgment reversed and a venire facias de novo awarded.